IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | §<br>§<br>§ |  |
| v. | §<br>§<br>§ | No.   4:18-CR-241<br>Judge Crone |
| SATHISH KUMAR PURAM (1)<br>NISHA BHAGWANDAS BAJAJ (2) | §<br>§<br>§<br>§ |  |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of

America ("the Government"), Defendant Sathish Kumar Puram, his defense counsel, Mick

Mickelsen, Defendant Nisha Bhagwandas Bajaj, and her defense counsel, Daniel Olmos, hereby

stipulate to the following, and the Court therefore orders:

1.   The Government shall provide defense counsel a copy of its discovery materials or

make appropriate arrangements to allow the defense to inspect materials upon request, including

any confidential and proprietary information contained therein.

2.   The Government is to mark any disclosures that implicate confidential business

information or sensitive proprietary business information as "Confidential - Subject to Protective

Order" on any such document, or, in the case of digital material not conducive to such marking,

the marking shall be placed on the container housing such material.

3.   Any materials provided to the Defendants in this matter that is marked "Confidential–

Subject to Protective Order" may only be disclosed to the following people and no further

without further order from this Court:

(a) counsel for the Defendant;

(b) associates, secretaries, paralegals, and other employees of such attorney to the extent

   necessary to render professional services in this criminal prosecution; and

(c) court officials involved in this case.

Disclosure to those individuals identified in subparagraphs (a) and (b) above is

permissible provided that defense counsel files with the Court the attached declaration from each

individual stating that the individual has read and understands this Order, agrees to be bound by

this Order, and understands that violation of this Order will constitute criminal contempt.  No

other disclosure is permitted without the prior, express approval of the Court.

4.  General Use of Disclosed Materials.  Persons obtaining access to the documents

produced pursuant to this Order, whether it is marked "Confidential – Subject to Protective

Order" or marked generally, shall use the information only for the preparation and conduct of

this criminal trial, and any connected hearings or appeals.  No information disclosed pursuant to

this Order shall be used for any other purpose or any other proceeding, including business,

commercial, governmental, administrative or judicial.

5.  Disclosed materials that are identified as "Confidential – Subject to Protective Order"

may be used as exhibits in Court or otherwise submitted to the Court but notice must first be

given to the Government to allow the Government to file appropriate motions with this Court to

seal those exhibits or filings.  Disclosed materials that are generally marked that contain social

security numbers, birth dates, taxpayer-identification numbers, names of minor children, home

addresses, financial-account numbers, or other means of identification as defined in Title 18,

United States Code § 1028(d)(7), may be used as exhibits in Court or otherwise submitted to the

Court, but must comply with Rule 49.1 of the Federal Rules of Criminal Procedure.  Otherwise,

these disclosed materials that are generally marked and contain such information, cannot be disclosed beyond the individuals identified in paragraph 2 under any circumstances unless the personal information is appropriately redacted.

6. Return of Produced Materials. Within 90 days of the conclusion of this case, all materials produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Counsel for the Defendant shall make a certification of compliance herewith and shall deliver the same to the United States Attorney's Office within 120 days of the final termination of this criminal prosecution.

7. Responsibility of Defense Counsel. Counsel for the Defendants are responsible for employing reasonable measures to control duplication of, and access to, the disclosed materials marked "Confidential – Subject to Protective Order."

8. Non-termination. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

9. Disclosure or provision of documents or materials by the Government to the Defendants shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

SO STIPLUATED:

JOSEPH D. BROWN
United States Attorney

By: _____        Date: 12-26-18
G.R. JACKSON
Assistant United States Attorney

_____    Date: 12/20/18
RICHARD D. GREEN
Senior Trial Attorney


_____    Date: 12/17/2018
MICK MICKELSEN
Counsel for Defendant Puram


_____    Date: 12/17/2018
SATHISH KUMAR PURAM
Defendant


_____    Date: 12/19/18
DANIEL OLMOS
Counsel for Defendant Bajaj


_____    Date: 12/17/2018
NISHA BHAGWANDAS BAJAJ
Defendant


IT IS SO ORDERED.


_____
HON. MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

**ACKNOWLDGEMENT OF PROTECTIVE ORDER**

The undersigned acknowledges that he or she has received a copy of the Protective Order in United States v. Puram, et. al., Case No. 4:18-CR-241, has read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United States District Court for the Eastern District of Texas for the purposes of enforcement of the terms of the order and the punishment of any violations.

Date: _____

_____
Name

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email